# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **JUSTIN CHASE HARRELL,** | ) |
| Plaintiff, | ) Case No. 7:21CV00535 |
| v. | ) **OPINION** |
| **HAROLD CLARK, ET AL.,** | ) JUDGE JAMES P. JONES |
| Defendants. | ) |

*Justin Chase Harrell*, Pro Se Plaintiff; *Timothy E. Davis*, OFFICE OF THE ATTORNEY GENERAL, Richmond, Virginia, for Defendants Phillip White and Harold Clarke; *Taylor D. Brewer*, MORAN REEVES & CONN PC, Richmond Virginia, for Defendants Kyle Smith, MD and Mediko, Inc.

The plaintiff, Justin Chase Harrell, a Virginia inmate proceeding pro se, filed this civil rights action against prison officials, alleging failure to protect him from exposure to chicken pox. The matter is presently before me on the defendants' motions to dismiss. After review of the record, I conclude that Harrell's claims must be dismissed for failure to prosecute.

Harrell's claims arose while he was incarcerated at the Augusta Correctional Center ("Augusta"). He alleges that the defendants failed to quarantine another inmate who had been diagnosed with shingles. Harrell was later diagnosed with chicken pox. Harrell, who is now confined at a different Virginia prison facility, filed this § 1983 action against the Director of the Virginia Department of

Corrections ("VDOC"), the Warden at Augusta, a doctor, and the medical company that employs the doctor. Harrell seeks monetary compensation.

The defendants have responded with motions to dismiss. The court notified Harrell of the defendants' motions as required by *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), and warned him that failure to respond to the motions within the allotted time would be interpreted as a loss of interest in prosecuting the case and would result in dismissal of the case without prejudice. The time allotted for Harrell's responses to the defendants' motions has elapsed, and he has not submitted any responses to the arguments raised in these motions.

A district court has authority to dismiss an action for failure to prosecute, as expressly recognized in Rule 41(b). *Cleveland v. Astrue*, No. 3:11CV678-REP, 2012 WL 4329291, at *2 (E.D. Va. Aug. 23, 2012), *R. & R. adopted*, 2012 WL 4329286 (E.D. Va. Sept. 17, 2012)). When considering dismissal for failure to prosecute, the court must take into account four factors: (1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused to the defendant; (3) the presence of any drawn-out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Cleveland*, 2012 WL 4329291, at *2. While dismissal could be with prejudice if these factors weigh in defendants' favor, Rule 41(b) gives the court discretion to specify that the dismissal is without prejudice. *Payne v. Brake*, 439 F.3d 198, 204 (4th Cir. 2006).

As stated, after receiving the court's Notice about responding to the defendants' motions, Harrell failed to file any response to the arguments in these motions and did not move for additional time to respond.  From review of the record, I find that while Harrell may be personally responsible for failing to comply with the court's Notice despite being warned of impending dismissal of his case without prejudice, there is otherwise no history of his deliberately delaying the case or causing prejudice to defendants.  Therefore, I conclude that dismissal without prejudice is an appropriate sanction for his failure to prosecute this action.  Accordingly, I will dismiss the case without prejudice and dismiss the pending motions without prejudice.

A separate Order will enter herewith.

DATED:  June 13, 2022

/s/  JAMES P. JONES
Senior United States District Judge